IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SEAN C. SANFORD, | Civ. No. 1:24-cv-00942-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| KLAMATH COUNTY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Sean C. Sanford seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED but Plaintiff's Complaint, ECF No. 2, is DISMISSED with leave to amend but without service on Defendant. Plaintiff's Motion for Appointment of Counsel is DENIED. ECF No. 3.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied by Plaintiff's showing and so Plaintiff's IFP Petition is GRANTED.

With regard to the substance of the Complaint, Plaintiff asserts a claim for "Dereliction of Duty." Compl. 3. In the section of the form where Plaintiff is asked to describe the facts supporting his claim, Plaintiff wrote:

> That on or about 8/20/23 and again on 05/21/23, Klamath County did in fact neglect to act when presented with an actual illegal & unauthorized "WANTED DEAD OR ALIVE" poster that had been distributed in and around Klamath County. The specific allegations constitute malicious & dangerous dereliction of duty in direct regards to the humiliating & distressing weaponization of myself and local community members. 1 example would be when Klamath County Sheriffs continuously trespassed on private property after statements had been made.

Compl. 4.

In the section of the form where Plaintiff is asked to describe his damages and requested relief, Plaintiff wrote:

> Damages for IIED hardship, trespassing, weaponization and dereliction of duty. For the record, we do not fine this amusing. Punitive damages also included.

Compl. 4.

Elsewhere in his complaint, Plaintiff cites "525.12 Dereliction of Duty" as the "U.S. Civil Statute under which you are filing." The Court has endeavored to locate such a law and has found a municipal ordinance for the City of Cleveland, Ohio § 525.12 which concerns the dereliction of duty by law enforcement. If this is the intended basis of Plaintiff's claims, it is insufficient. It is a municipal ordinance, rather than a federal statute, and it governs conduct in Cleveland, Ohio, with no application to claims arising in the State of Oregon.

On the alleged facts, the Court is unable to make out a claim. It is not clear what the wanted poster depicts or describes, nor is it clear what Plaintiff believes Klamath County was obligated to do about the wanted poster. It generally appears that Plaintiff is complaining that law enforcement did not act on a complaint about a crime. Private parties generally do not have standing to compel the prosecution of another person. *See Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (holding that a private citizen "lacks standing to compel an investigation or prosecution of another person."). If Plaintiff intends to compel an investigation or prosecution, he lacks standing.

There are references to trespassing, apparently by Klamath County deputy sheriffs, but it is not clear when this occurred or whose property was trespassed upon. No defendant, if served with such a complaint, would be able to understand the claim or claims being made against them.

The Complaint falls below the federal pleading standards and must be dismissed for failure to state a claim. As Plaintiff is pro se, dismissal shall be with

leave to amend and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about his situation other than what he includes in his amended pleading. Plaintiff should briefly and clearly explain who the defendants are, what they have done, and why Plaintiff believes the defendants should be held liable for his injury. In addition, as Plaintiff is bringing his claims based on federal question jurisdiction, he should endeavor to identify a federal law or right that serves as the basis for his claim. In doing so, Plaintiff is cautioned that most federal criminal statutes do not provide a private right of action that would allow him to sue for a violation of the criminal statute.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff has failed to state a claim and so the Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED and the Complaint, ECF No. 2, is DISMISSED without service on Defendants. Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised

that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

It is so ORDERED and DATED this <u>   17th   </u> day of June 2024.

<u> /s/Ann Aiken                            </u>
ANN AIKEN
United States District Judge