IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SEAN C. SANFORD, | Civ. No. 1:24-cv-00942-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| KLAMATH COUNTY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Sean C. Sanford seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's Amended Complaint, ECF No. 7, is DISMISSED with leave to amend but without service on Defendant.

### LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the

complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On June 17, 2024, the Court granted Plaintiff's IFP petition and dismissed the Complaint with leave to amend for failure to state a claim. ECF No. 6. Plaintiff subsequently filed an Amended Complaint. ECF No. 7.

In the Amended Complaint form, Plaintiff indicated that he brings this action pursuant to federal question jurisdiction and in the section in which he was asked to list "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff listed ORS 162.415 and ORS 162.405. In the section of the form where Plaintiff is asked to describe the facts supporting his claim, Plaintiff wrote:

> Plaintiff alleges The County of Klamath performed misconduct in the 1st & 2nd degree (ORS 162.415)(ORS 162.405). County Commissioners as well as DA's office both failed & neglected to execute obligatory responsibilities set forth by (ORS 206.010). Behavior was exhibited on several occasions during the plaintiff's pursuit of justice at both the Sheriff's department, county courthouse and other locations and instances, claim supported by material witnesses, including 1 minor.

Compl. 4.

Both ORS 162.415 and ORS 162.405 are Oregon state criminal statutes. In its previous Order, the Court explained that, as a private citizen, Plaintiff does not have standing to enforce criminal statutes or to compel the investigation or prosecution of another person. The Court also explained that federal courts are courts of limited jurisdiction and that, in order to invoke federal question jurisdiction,

Plaintiff must bring a claim under *federal* law, rather than a municipal ordinance, as in the original Complaint, or state criminal statutes, as in the Amended Complaint.

In addition, as set out in the Court's previous Order, Plaintiff must set forth facts that state a claim that is plausible on its face. Both the original Complaint and the Amended Complaint fall short of this requirement. For instance, Plaintiff alleges that Klamath County "performed misconduct" and "neglected to execute obligatory responsibilities," but these allegations are legal conclusions, rather than factual allegations that might support a claim. They do not describe what any defendant has done or failed to do or how that action or inaction harmed Plaintiff such that the defendant in question should be held liable for the injury. The Court will afford Plaintiff one more opportunity to replead his claims and in drafting the second amended complaint, Plaintiff should (1) identify a federal basis for his claims and (2) describe the facts giving rise to his claims. In the alternative, Plaintiff should consider whether his claims might be more readily vindicated in Oregon state court.

Plaintiff shall have thirty (30) days from the date of this order in which to file a second amended complaint.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 7, is DISMISSED without service on Defendants. Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___4th___ day of September 2024.

                                                      /s/Ann Aiken
                                                     ANN AIKEN
                                                     United States District Judge