IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SEAN C. SANFORD, | Civ. No. 1:24-cv-00942-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| KLAMATH COUNTY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Sean C. Sanford seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's Second Amended Complaint, ECF No. 9, is DISMISSED without further leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the

complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On June 17, 2024, the Court granted Plaintiff's IFP petition and dismissed the Complaint with leave to amend for failure to state a claim. ECF No. 6. Plaintiff subsequently filed an Amended Complaint. ECF No. 7. On September 4, 2024, the Court dismissed the Amended Complaint with leave to amend for failure to state a claim. ECF No. 8. Plaintiff subsequently filed a Second Amended Complaint ("SAC"). ECF No. 9.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 14141. In support of those claims, Plaintiff alleges as follows:

> I, the plaintiff here by allege that on or about August of 2023, The Klamath County Sheriff's office was presented with an unauthorized "Wanted Dead or Alive" poster, as well as the DA's office. Formal hand written statements were made and filed. They neglected to act or perform any inherent duties set forth by the office while under oath. These transgressions are believed to be in violation of 42 U.S.C. § 1983 and a deprivation of my civil rights and privileges secured by the Constitution and laws. These actions were committed by persons acting "under color of state law." In addition, I believe the defendants violated 42 U.S.C. § 14141, 1985, & 1986. These forms of misconduct included unlawful conduct with regards to a juvenile and inaction for neglect to prevent by obstructing my unaliable [sic] rights as a U.S. citizen. These are just some examples of how Klamath county, in my opion; [sic] violated my rights to "life, liberty, and the pursuit of happiness."

SAC, at 4-5.

### I.   42 U.S.C. § 1983

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v.*

*Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. April 25, 2019). Here, Plaintiff has named only Klamath County as a defendant. However, a local government or municipality is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Monell v. Dept. Soc. Serv.*, 436 U.S. 658, 691 (1978). A governmental entity may not be held liable under § 1983 simply based on the allegedly unconstitutional actions of their employees. *Id.* Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts in the injury." *Id.* at 694; *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36 (2010). Here, Plaintiff alleges only that law enforcement failed to act on his complaint regarding an unauthorized wanted poster, but does not allege any policy, practice, or custom of the County. The SAC fails to state a *Monell* claim against Klamath County.

Additionally, the SAC does not identify a specific federal right that has been violated. Fundamentally however, Plaintiff's claim is that the Klamath County Sheriff's Office and the Klamath County District Attorney's Office declined to

investigate or prosecute another person based on Plaintiff's complaint. As the Court explained in its previous Order, ECF No. 6, private citizens do not have the right to compel the investigation or prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("The Court's prior decisions consistently hold that a citizen lacks standing to contest the polices of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution . . . in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). In the absence of such a right, Plaintiff cannot maintain a § 1983 action against Klamath County for failing to prosecute the creator of the wanted poster.

## II.     42 U.S.C. §§ 1985 and 1986

42 U.S.C. § 1985 prohibits conspiracies to interfere with certain civil rights. "A claim under this section must allege facts to support the allegation that defendants conspired together," and a "mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi*, 839 F.2d at 626. 42 U.S.C. § 1985 is not to be construed as a general federal tort law. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). As such, a required element of a § 1985 claim is that the plaintiff be a member of a protected class and the deprivation of civil rights have been motivated by animus toward that class. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial or otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). In the

Ninth Circuit, § 1985 is "extended beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever*, 978 F. at 1536 (internal quotation marks and citations omitted). "More specifically, we require either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's claim under § 1985 is insufficient because (1) he does not allege the existence of a conspiracy between defendants or others and (2) he does not allege his own membership in a protected class. The claim therefore fails.

42 U.S.C. § 1986 "imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi*, 839 F.2d at 626. "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Id.* Here, Plaintiff has failed to state a claim under § 1985 and so his claim under § 1986 will also fail.

### III.    42 U.S.C. § 14141, renumbered as 34 U.S.C. § 12601

Plaintiff also seeks to bring a claim under 42 U.S.C. § 14141, which has been renumbered as 34 U.S.C. § 12601. That statute provides that it is unlawful for a governmental authority to "engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of

juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601(a). This statute does not provide a private right of action, however. Only the United States Attorney General is authorized to bring a civil action under that statute. 42 U.S.C. § 12601(b); *see also Gonzales v. City of Clovis*, No. 1:12-cv-0053-AWI-SKO, 2012 WL 1292580, at *5 (E.D. Cal. April 13, 2012) ("[Former] Section 14141 does not provide a private right of action."). Plaintiff, as a private citizen, may not bring an action under § 12601(a), formerly § 14141.

In sum, Plaintiff has failed to state a claim under any of the stated causes of action. The Court has twice provided Plaintiff with guidance and leave to amend and concludes that it would be futile to permit a third round of amendments. Dismissal shall therefore be without prejudice but without further leave to amend.

## CONCLUSION

For the reasons set forth above, the Second Amended Complaint, ECF No. 9, is DISMISSED without service on Defendants. Dismissal is without prejudice but without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____4th____ day of November 2024.

 /s/Ann Aiken
ANN AIKEN
United States District Judge